UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v. ) | 17-CR-73-JMH |
| ) | |
| ARROW-MED AMBULANCE, INC., et ) | |
| al., ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. | |

\*\*\*

Defendants are charged with health care fraud, attempted health care fraud, and conspiracy to commit health care fraud in violation of 18 U.S.C. §§ 2, 1347, and 1349 for their involvement in an alleged scheme to defraud Medicare and Medicaid by billing and receiving payment for routine non-emergency ambulance transportation which was not, contrary to their billing claims, medically indicated or necessary for the health of their patients and beneficiaries under the applicable rules and regulations.

This matter is now before the Court upon the Motion in Limine [DE 108] of Defendants Arrow-Med Ambulance, Inc., and Hershel Jay Arrowood, in which Defendants Lesa Arrowood and Terry Herald join, and the Motion in Limine [DE 110] of the United States of America. The motions have been fully briefed [*see* DE 115, 116, 117], and the Court has had the benefit of

1

argument by counsel during a hearing on May 7, 2018 [DE 119]. While the Court ruled on various aspects of the motions during that hearing, it took the motions under advisement with respect to the Defendants' request to exclude evidence of the financial condition or personal financial expenditures of the Arrowoods and the United States' request to exclude evidence of any alleged misconduct of other ambulance providers. Having carefully considered these requests for relief, the Court issues its ruling below.

**I.**

Defendants argue that the Court should exclude evidence of the financial condition of the Arrowoods and expenditures for real estate and other items made by the Arrowoods because it is more prejudicial than probative of any motive to commit the crime that the government may seek to demonstrate, citing *United States v. Jackson-Randolph*, 282 F.3d 369 (6th Cir. 2002). Specifically, Defendants argue that a jury might be prejudiced by the suggestion that the Arrowoods lived comfortably compared with others in their geographic area even though there is no strong evidence that defendants committed the alleged crimes, that there will be evidence that the money for these expenditures was available from other legitimate businesses owned by the Arrowoods during the period of the indictment, and

that the expenditures made by the Arrowoods were neither lavish nor excessive.

The United States argues that the evidence should not be excluded because it will produce evidence at trial directly connecting Defendants' lifestyle spending and purchases to what it argues are proceeds from the fraud scheme. This increases the probative value of the evidence on balance. Further, the United States intends to show that the largest deposits made to Arrowood's other businesses, which were demonstrably less lucrative than the ambulance service, were from proceeds obtained from the ambulance service and that payments were then made from those accounts for real estate and other items, even though those businesses' fortunes did not improve. If money was being taken from those services to be used for lifestyle and real estate expenses rather than to truly invest in those businesses, it is more probative of the intent or motive of the Defendants than prejudicial.

Contrary to what Defendants suggest, *Jackson-Randolph* does not teach that *only* evidence of extravagant living is admissible under Federal Rules of Evidence 401 and 403 to create "the inference that the defendant does not possess a legitimate source of income to support his . . . lifestyle and, therefore, the income must originate from [illegal] operations." *Id.* at 377-78. Rather, *Jackson-Randolph* recognizes that "[f]inancial

gain is the motive for committing almost all financial crimes, drug dealing, robberies, etc." and cautions against allowing the introduction of evidence of extreme or extravagant wealth or spending made possible by legitimate means to appeal to class prejudice. *Id*. The fact that a defendant might make just enough from unlawful activity to support a family in a modest or even comfortable lifestyle does not make the gain any less relevant or the motivation any less real. The Court declines to grant the motion on this ground, as well.

That said, the Court is also cognizant that what constitutes a lavish lifestyle or excessive spending may well depend upon the community in which that spending occurs. Even if the Court looks at this request for relief with the assumption that the Arrowood's relative wealth might have yielded a comparatively lavish lifestyle or excessive spending in their community, there is no danger of prejudice considering the third factor in light of the first two *Jackson-Randolph* factors. The first two factors weigh heavily toward probity that any danger of prejudice is outweighed or diminished. The Defendants' Motion in Limine will be denied.

## II.

Finally, evidence that other ambulance companies in the same geographical region, including McIntosh Ambulance or Lee County Ambulance, engaged in similar billing and business

4

practices as those charged in the indictment against Defendants is excluded upon motion of the United States. The argument that "everybody does it" makes it no more or less likely that Defendants engaged in the activity charged in the indictment in this matter. Fed. R. Evid. 401, 402; see *United States v. Smith*, 14-CR-99-JHM, 2016 WL 589890, at *10 (W.D. Ky. Feb. 11, 2016) ("[A] defendant may not offer evidence and testimony solely for the purpose of inviting jury nullification."); *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) ("a defendant enjoys neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence. . . . No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant.").

Accordingly, **IT IS ORDERED**:

(1) That Defendant Terry Herald's Motion for Joinder in the Motion in Limine [DE 108] filed by Arrow-Med Ambulance, Inc. and Hershel Jay Arrowood is **GRANTED**;

(2) That the remaining request for relief in Defendants' Motion in Limine [DE 108], not ruled upon during the hearing on May 7, 2018, is **DENIED;**

(3) That the remaining request for relief in the United States' Motion in Limine [DE 110], not ruled upon during the hearing on May 7, 2018, is **GRANTED;**

(4) That evidence concerning the pendency of *McIntosh v. Arrow-Med Ambulance, Inc.*, Lexington Civil Action No. 15-cv-105-JMH, and alleged misconduct by other ambulance service providers is excluded as set forth in this Memorandum Opinion and Order.

This the 6th day of June, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge