```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,                 )
                                )   Criminal Case No.
v.                              )   17-CR-73-JMH-1
                                )
ARROW-MED AMBULANCE, INC., et   )
al.,                            )   **MEMORANDUM OPINION & ORDER**
                                )
    Defendants.

***

This matter is before the Court upon the three Motions in Limine filed by the United States of America [DE 139, 141, 142; Responses at DE 146, 144, 145; Replies at DE 148, 147, 149]. Having reviewed the pleadings, the Court concludes that oral argument is not necessary. For the reasons which follow, the three motions will be granted.

    **A. Motion in Limine to Admit Arrow-Med Run Sheets as Business Records Under Fed. R. Evid. 902(11) and 803(6) [DE 139]**

As an initial matter, United States argues that the business records produced by Arrow-Med Ambulance, Inc., including run sheets and physician certification statements produced in response to a Civil Investigative Demand served on the company are properly considered business records and may be admitted as such. *See* Fed. R. Evid. 104(a), 803(6), and 902(11); *see also United States v. Matlock*, 415 U.S. 164, 174-75

(1974) (noting the Confrontation Clause is not implicated when the Court makes a preliminary authentication ruling pursuant to Rule 104). Defendants do not object to a preliminary ruling with respect to authenticity or the exception from the hearsay rule but argue that any determination of admissibility based on relevance or undue prejudice must be made at trial. The Court agrees with both parties. Accordingly, the Court concludes that the run sheets and physician certification statement forms are business records that satisfy the hearsay exception of Rule 803(6) and the authentication requirements of Rule 902(11), to facilitate their introduction at trial. Any additional objections to their admissibility under other provisions of the Rules of Evidence will be considered at trial.

**B. Motion in Limine to Exclude Reference to Collateral Effects of Potential Conviction [DE 141]**

Testimony which suggests that patients will be left without an ambulance service to call upon in their community if Defendants are convicted is irrelevant and will be excluded, as the United States requests. It has no probative value with respect to the medical necessity of ambulance transport in any instance relevant to this matter whatsoever and would, in any event, be more prejudicial than probative.[1] Fed. R. Evid. 401,

---

[1] Such evidence is not one and the same as evidence of a particular patient's medical need to be transported by ambulance service *at the time of the incidents* charged from 2012-2015, which Defendants argue is relevant in their Response. Evidence of medical necessity in specific moments referenced in

2

402, 403; *United States v. Whittington*, 455 F.3d 736, 738-39 (6th Cir. 2006) (defining relevance under Rule 401); *see United States v. Duval*, 865 F.Supp.2d 803, 809 (E.D. Mich. 2012) (explaining that jury nullification occurs when there is no purpose for evidence "other than to ask the jury to acquit despite proof of the elements of the crimes beyond a reasonable doubt"); *United States v. United Memorial Hosp.*, No. 1:01-CR-238 RAE ALL, 2002 WL 32998218, at *2 (W.D. Mich. Aug. 21, 2002) (barring evidence or argument about the collateral consequences of conviction of a hospital, including exclusion from the Medicare program and potential closure of the hospital, because those "grave" potential consequences were "so unfairly prejudicial, i.e., it is likely to evoke sympathy, invite prejudice, and encourage jury nullification.").

Evidence and argument concerning the collateral effects of a conviction of the Defendants, including the implications for future ambulance service in Wolfe County, Breathitt County, or any other place where Arrow-Med currently operates will be excluded from the trial of this matter. *See* Fed. R. Evid. 402, 403.

---

the indictment is not the subject of the present motion. Evidence of whether there was or will be ambulance transport services available to patients from any other providers on dates outside of the period charged in the indictment or in the future, shall be excluded.

**C. Motion in Limine to Exclude Deposition of Patient D.D. [DE 142]**

The Court agrees with the United States that patient D.D.'s testimony should be excluded in order to avoid the risk of confusion and unfair prejudice to any of the parties based upon concerns that the Court has about the conditions under which the deposition was conducted. While Defendants disagree with the idea that the there is a danger of confusion and unfair prejudice, the Court has grave concerns about the presentation of evidence obtained when the deponent had just arrived home from dialysis and was asked to give direct examination testimony for an hour outside on a 90-degree day; one among defense counsel passed out from heat exhaustion a few questions into the government's cross-examination (an event that the court reporter inexplicably failed to capture in the transcript), and then left to receive medical attention with his client, Terry Herald; and the United States had reason to believe based on observation that the deponent was visibly struggling under the circumstances.[2] Should the parties wish to do so, they may depose D.D. anew.

Accordingly, **IT IS ORDERED:**

---

[2] Further, the Court agrees that, even if the testimony might otherwise be used, any testimony concerning the condition of the patient which postdates August 2015 would be inadmissible under Fed. R. Evid. 402 and 403 and would be excluded from the trial of this matter.

4

(1) That the United States' Motion in Limine to Admit Arrow-Med Run Sheets as Business Records Under Fed. R. Evid. 902(11) and 803(6) [DE 139] is **GRANTED**, as set forth above;

(2) That the United States' Motion in Limine to Exclude Reference to Collateral Effects of Potential Conviction [DE 141] is **GRANTED,** as set forth above; and

(3) That the United States' Motion in Limine to Exclude Deposition of Patient D.D. [DE 142] is **GRANTED**, as set forth above**;**

(4) That this matter is set for a **STATUS CONFERENCE** in Lexington, Kentucky, on **Monday, July 30, 2018,** at **2:30 p.m.**, pending further order from the Court.

This the 26th day of July, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge