Eastern District of Kentucky
**FILED**
JUL 3 1 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:17-CR-73-JMH

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V.   **PLEA AGREEMENT** | |
| ARROW-MED AMBULANCE, INC. | DEFENDANT |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 7 and 8 of the Indictment, charging violations of 18 U.S.C. § 1347, health care fraud. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1 through 6 and Counts 9 through 15.

2. The essential elements of 18 U.S.C. § 1347 are:

   (a) The defendant knowingly and willfully executed a scheme to defraud any health care benefit program, or to obtain, by means of false or fraudulent pretenses, representations, or promises money owned by, or in the control of, a health care benefit program, in connection with the delivery of health care benefits, items, or services.

   (b) The scheme related to a material fact or included a material misrepresentation or concealing of a material fact.

   (c) The defendant had the intent to defraud.

3. As to Counts 7 and 8, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) In or about September 2012, Jay Arrowood, purchased the assets of Trans-Star Ambulance Service, including its license and rights to operate in Breathitt County, Kentucky. Jay Arrowood began operating the Defendant, Arrow-Med Ambulance, Inc., at that time, providing routine, non-emergency ambulance transportation for patients J.B. and C.H. to and from a dialysis clinic in Jackson, Kentucky.

(b) Beginning in or around September 2012 and continuing through August 2015, the Defendant, with the assistance of Jay Arrowood, Terry Herald and others, submitted false claims to Medicare and Medicaid seeking payment for medically unnecessary ambulance transportation services. The claims were false in that the narrative portion of Arrow-Med's run sheets included false information and omitted material true information about the medical condition of Arrow-Med's patients.

(c) Beginning in or around September 2012 and continuing through August 2015, the Defendant knowingly and willfully obtained, by means of false or fraudulent pretenses, representations, or promises money owned by, or in the control of, a health care benefit program, in connection with the delivery of health care benefits, items, or services.

(d) As early as September 2012, and no later than October 2013, the Defendant knew that Medicare would only pay for non-emergency ambulance services if the patient's medical condition was such that all other forms of transportation were medically contraindicated, or would endanger the patient's health. Similarly, the Defendant knew that Medicaid would pay for non-emergency ambulance services only if the patient's condition warranted transport by stretcher.

(e) Arrow-Med Ambulance knowingly and voluntarily billed Medicare and Medicaid for non-emergency ambulance transports provided to patients J.B. and C.H., whom it knew did not qualify for Medicare or Medicaid coverage, because their medical conditions were such that they could safely travel via some other form of transportation.

(f) As a result of the Defendants' conduct, Medicaid paid Arrow-Med Ambulance, Inc. $18,951 for medically unnecessary transports of patient J.B., and Medicare paid $230,588 for medically unnecessary transports of patients J.B. and C.H.

4. The statutory punishment for Counts 7 and 8 is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of not more

than 3 years. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all fraudulent health care claims submitted to Medicare and Medicaid between September 1, 2012 and August 31, 2015, seeking reimbursement for non-emergency ambulance transportation to and from dialysis by Arrow-Med Ambulance, Inc., provided to patients J.B. and C.H., both of whom could be safely transported by means other than ambulance.
>
> (c) Pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is 6.
>
> (d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(F), increase the offense level by 10 levels for loss between $150,000 and $250,000.
>
> (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant also agrees to the imposition of a money judgment in the amount of $249,539, jointly and severally liable with Jay Arrowood and Lesa Arrowood, which represents proceeds obtained by the Defendant as a result of the offense.

9. ~~10~~. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. A corporate representative of the Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. ~~11~~. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court

imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. ~~12.~~ If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. ~~13.~~ This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. ~~14.~~ This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. ~~15.~~ The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

5

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 7/31/18

By: _____
Paul McCaffrey
Assistant United States Attorney

Date: 7-31-18

_____
Hershel Jay Arrowood *on behalf of*
Arrow-Med Ambulance, Inc.
Defendant

Date: 7/31/18

_____
Kent Wicker
Christopher Markus
Attorneys for Defendant