UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 5:17-cr-73-JMH-1 |
| v. | ) | |
| | ) | |
| ARROWMED AMBULANCE, INC., *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*

This matter is before the Court on the Defendant Arrow-Med Ambulance, Inc.'s ("Arrow-Med") "Motion to Alter or Amend Judgment." [DE 223]. The Court having reviewed the Defendant Arrow-Med Ambulance, Inc.'s Motion [DE 223] and the United States' Response [DE 228], and for the reasons set forth herein below, **IT IS ORDERED** that the Defendant's motion [DE 223] be, and hereby is, **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 1, 2017, Arrow-Med was charged with one violation of 18 U.S.C. § 1349 and 14 violations of 18 U.S.C. § 1347 and 18 U.S.C. § 2. [DE 1]. On July 31, 2018, Arrow-Med pleaded guilty to two counts of healthcare fraud involving the unnecessary ambulance transports of two patients which occurred on July 10, 2014 and September 10, 2014, *i.e.*, Counts 7 and 8 of the Indictment, in violation of 18 U.S.C. § 1347. [DE 152]. The

1

government agreed to dismiss the remaining 13 counts at sentencing. [DE 152].

Pursuant to the plea agreement, Arrow-Med agreed to the imposition of a money judgment in the amount of $249,539.00, jointly and severally liable with Jay Arrowwood and Lesa Arrowwood. [DE 152 at 4, PageID #1076]. The fine range calculated under the guidelines was $240,000.00 to $480,000.00. On May 14, 2019, the Court entered a judgment against Arrow-Med, assessing a fine of $240,000.00. [DE 221].

On May 24, 2019, Arrow-Med moved pursuant to Federal Rule of Civil Procedure 59(e), requesting the Court to alter and/or amend judgment. [DE 223]. In particular, Arrow-Med argues that the Court should reduce the judgment amount based on its "inability to pay" or, alternatively, set a "reasonable payment schedule" to pay the fine. [Id. at 2, PageID #2250]. In support, Arrow-Med contends that its eventual settlement of related civil False Claims Act[1] had not occurred by the time the United States Probation Office was conducting its presentence investigation, and therefore the settlement was not considered when determining Arrow-Med's ability to pay for purposes of the presentence report and subsequent sentencing. [Id. at 1-2, PageID #2249-50]. As a result, Arrow-Med requests the Court to make a "significant

---

[1] *See McIntosh v. ArrowMed Ambulance*, Case No. 5:15-cv-00105-JMH, Docket Entry 87 (E.D. Ky. 2019).

2

downward departure from the guideline range in assessing the fine amount, or, alternatively grant the Defendant the ability to make reasonable installments over a period of several months or years." [Id. at 3, PageID #223].

At this Court's direction, [DE 224], the United States filed its response on June 4, 2019. The United States makes two arguments in opposition to the Arrow-Med's motion. [DE 223]. First, it argues that the Court lacks jurisdiction to alter or amend the fine. [DE 228 at 1-3, PageID #2284-86]. Second, the United States contends that regardless of the Court's jurisdiction the facts support the $240,000.00 fine. [Id. at 3-6, PageID #2286-2288]. As a result, Arrow-Med's motion is now ripe for review.

## II. Analysis

We find no legal basis to support Arrow-Med's request to alter or amend its criminal fine. At the outset, the Court must note that Arrow-Med has cited no legal grounds – save for Federal Rule of Civil Procedure 59(e) – as to why the Court should alter and/or amend the judgment imposing a criminal fine on Arrow-Med. [DE 223]. The language of Joint Local Rule of Criminal Procedure 12.1(a) provides as follows:

> Except for routine motions – such as motions for an extension of time – a motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.

3

Even in *pro se* cases, this Court has no authority to create arguments for moving parties. *See Coleman v. Shoney's Inc.*, 79 Fed. App'x. 115, 157 (6th Cir. 2003). Without some effort at legal argumentation, a party cannot meet the standard set forth in LCrR 12.1(a).

In the instant case, the Arrow-Med points only to Fed. R. Civ. P. 59(e), a civil rule, to support its argument that the Court should alter or amend its judgment imposing a fine on Arrow-Med in this criminal action. [DE 223 at 1, PageID #2249]. Arrow-Med makes no argument as to how or why Fed. R. Civ. P. 59(e) would apply in a criminal case. As a result, we find Arrow-Med's citation of a single, inapplicable civil rule fails to meet the requirements of LCrR 12.1(a).

Even so, the Court finds no other legal authority supporting Arrow-Med's request to alter or amend its criminal fine. The United States correctly notes that the language of 18 U.S.C. § 3572(c) provides three mechanisms to alter or amend a criminal fine. [DE 228]; *see also*, *United States v. Brumfield*, 125 F. Supp. 3d 648, 650 (W.D. Mich. 2015). First, a sentence to pay a fine may be subsequently modified or remitted under 18 U.S.C. § 3573. Second, a criminal fine may be corrected under Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3742. Third, a criminal fine may be appealed and modified under 18 U.S.C. § 3742. In the

instant action, none of the three mechanisms for altering or amending Arrow-Med's criminal fine are available to Arrow-Med.

First, as noted above, under certain circumstances a fine may be modified or remitted under 18 U.S.C. § 3573.  However, the language of the statute provides that this may only occur in the Court's discretion "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective..."  *Id.*  As the Sixth Circuit has confirmed, "...the statutory authorization for the *government* to petition for rescission of a fine, 18 U.S.C. § 3573, is not available to a defendant." *United States v. Mays*, 67 Fed. Appx. 868, 869 (6th Cir. 2003) (emphasis in original) (internal citation omitted).  As this matter is before the Court on the motion of Arrow-Med, not the United States, this Court cannot grant modify or remit Arrow-Med's fine 18 U.S.C. § 3573.

Second, Federal Rule of Criminal Procedure 35 allows for the correction or reduction of a sentence in two instances.  *See* Fed. R. Crim. P. 35(a)-(b).  Pursuant to Fed. R. Crim. P. 35(a), a court may, within fourteen (14) days of sentencing, "...correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).[2]  Arrow-Med was sentenced

---

[2] We note that Arrow-Med does not allege the Court's judgment was "clear error" nor that such error was the result of arithmetical, technical, or other clear error.

on May 13, 2019 and Judgment was entered on May 14, 2019. [DE 220-221]. Arrow-Med then moved to alter the sentence and judgment on May 24, 2019. [DE 223]. However, the fact that Arrow-Med's motion [DE 223] was filed within fourteen (14) days of the oral announcement of sentence, does not change our analysis. The Sixth Circuit has held that the district court lacks jurisdiction to correct a sentenced at any time outside the fourteen (14) days provided in the statute. *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011). Rather, "the district court must correct the sentence within the time limitation imposed, and not simply take some other undefined action toward that end, such as scheduling a hearing." *Id.* (*quoting United States v. Vicol*, 460 F.3d 693, 696 (6th Cir. 2006)). Because the Court is outside the fourteen (14) day limitation period, it cannot correct any "clear error" in Arrow-Med's sentence resulting from "arithmetical, technical, or other clear error." Fed. R. Crim. P.35(a).

Nor may Arrow-Med avail itself of subsection (b) of Federal Rule of Criminal Procedure 35. Subsection (b) allows the court to reduce a sentence for a criminal defendant within one year of sentencing upon the motion of government showing that the defendant provided "substantial assistance in investigating or prosecuting another person."[3] Like with 18 U.S.C. § 3573, the Court may only

---

[3] For purposes of both subsections (a) and (b) "sentencing" is defined as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c).

grant relief under Fed. R. Crim. P. 35(b) upon the motion of the government. As discussed above, this matter is before the Court on the motion of Arrow-Med, not the government. [DE 223]. As a result, Fed. R. Crim. P. 35(b) cannot serve as legal grounds for Arrow-Med's motion to alter or amend the fine at issue.

Third, a criminal fine may be appealed and modified under 18 U.S.C. § 3742. However, § 3742 applies to appeals, and thus does not apply here. *Brumfield,* 125 F. Supp. 3d at 650. Nor has Arrow-Med filed a notice of appeal within fourteen days of the entry of judgment, as required by Federal Rule of Appellate Procedure 4. Accordingly, this Court may not alter or amend the fine imposed on Arrow-Med under 18 U.S.C. § 3742.

In sum, we find that Arrow-Med points to no legal authority supporting its request to alter or amend the fine imposed on it by this Court. [DE 223]. Nor do we find any support for Arrow-Med's request under 18 U.S.C. § 3572(c). As a result, **IT IS ORDERED** that Arrow-Med's motion [DE 223] to alter or amend the judgment [DE 221], shall be, and hereby is, **DENIED.**

This, the 13th day of June, 2019.



**Signed By:**

*Joseph M. Hood*

**Senior U.S. District Judge**